KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ANDREW Y.S. CHENG (SBN 164613)
Assistant United States Attorney
KATHERINE B. DOWLING (SBN 220767)
Assistant United States Attorney

    450 Golden Gate Avenue,10th Floor
    San Francisco, California 94102-3495
    Telephone:    (415) 436-6813
    Facsimile: (415) 436-6748
    Email:    andrew.cheng@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| TSUNGAI TUNGWARARA, | ) | No. C 04-2144 EDL |
| | ) | **E-filing Case** |
| Plaintiff, | ) | |
| | ) | **STIPULATION AND AGREEMENT OF** |
| v. | ) | **COMPROMISE AND  SETTLEMENT** |
| | ) | **AND [~~PROPOSED~~] ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

    IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Tsungai

Tungwarara and defendant United States of America, (hereinafter the "Federal Defendant"), by

and through their undersigned counsel, as follows:

    1.    The parties do hereby agree to settle, compromise and dismiss the above-

captioned action ("This Action") under the terms and conditions set forth herein.

    2.    The Federal Defendant agrees to pay the sum of Sixty-Five Thousand Dollars and

no cents ($65,000.00) to plaintiff under the terms and conditions set forth herein.

    3.    The plaintiff and her heirs, executors, administrators, assigns and attorneys hereby

agree to accept the sum of Sixty-Five Thousand Dollars and no cents ($65,000.00), in full and

final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4.      It is also agreed, by and among the parties, that the settlement amount of Sixty-Five Thousand Dollars and no cents ($65,000.00) represents the entire amount payable to plaintiff and her heirs, executors, administrators, assigns and attorneys.

5.      It is also agreed, by and among the parties, that the settlement amount of Sixty-Five Thousand Dollars and no cents ($65,000.00)) shall be made payable to Tsungai Tungwarara. The check will be mailed to the plaintiff's attorney at the following address: Anthony Schoenberg, Esq., Farella, Braun & Martel LLP 235 Montgomery Street, San Francisco, CA 94104.

6.      It is also agreed by and among the parties that neither plaintiff nor any of her attorneys may make any claim for attorney's fees or other costs against the Federal Defendant. It is also agreed, by and among the parties, that the respective parties, including Alfert Ludwigs, will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7.      It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

8.      In consideration of the payment of Sixty-Five Thousand Dollars and no cents ($65,000.00) as set forth above, the plaintiff agrees that she will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Tsungai Tungwarara v. United States of America*, C 04-2144 EDL. The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by plaintiff's counsel of the settlement amount.

9.      In consideration of the payment of Sixty-Five Thousand Dollars and no cents ($65,000.00) as set forth above, the plaintiff hereby releases and forever discharges the Federal Defendant, and any and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of

actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, and any other claim relating to the events from January 9, 2002 or January 10, 2002, or any and all claims that could have been asserted in the Complaint.

10.     The defendants hereby release and forever discharges the plaintiff from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims asserted, or any and all claims that could have been asserted in the Complaint.

11.     The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's alleged injury and the liability of the Federal Defendant, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

12.     The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant or its

agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

13.     This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

14.     If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff, and her attorneys, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability he might be responsible for from any government agency.

15.     Plaintiff and her attorneys have been informed that payment of the settlement amount may take 120 days or more to process.

16.     The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

17.     Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18.     If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19.     This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this

agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20.    The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b). Plaintiff also agrees to return all documents that have been previously marked as "Confidential."

21.    The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22.    This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.


Dated: March 16, 2006          _____
                               TSUNGAI TUNGWARARA
                               Plaintiff



Dated: _____, 2006       _____
                               ANTHONY P. SCHOENBERG
                               Attorney for Plaintiff



Dated: _____, 2006       _____
                               PHILIP K. HWANG
                               Attorney for Plaintiff

                               KEVIN V. RYAN
                               United States Attorney



Dated: _____, 2006       _____
                               ANDREW Y.S. CHENG
                               KATHERINE B. DOWLING
                               Assistant United States Attorneys
                               Attorneys for the Federal Defendant
                               United States of America and Alfert Ludwigs

agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20.    The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).  Plaintiff also agrees to return all documents that have been previously marked as "Confidential."

21.    The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22.    This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: March ___, 2006

_____
TSUNGAI TUNGWARARA
Plaintiff

Dated: April 11, 2006

_____
ANTHONY J. SCHOENBERG
Attorney for Plaintiff

Dated: Mc  3t, 2006

_____
PHILIP K. HWANG
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: April 12, 2006

_____
ANDREW Y.S. CHENG
KATHERINE B. DOWLING
Assistant United States Attorneys
Attorneys for the Federal Defendant
United States of America and Alfert Ludwigs

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,
APPROVED AND SO ORDERED:**

Dated: _____ April 12, 2006

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

IT IS SO ORDERED
Elizabeth D. Laporte
Judge Elizabeth D. Laporte